FILED
SCRANTON

JUN 0 6 2014

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

---

JOHNNIE WILLIAMS,
                Petitioner,

      v.

UNITED STATES OF AMERICA, et al.,

              Respondents.

CIVIL ACTION NO. 3:12-CV-2441

(Judge Kosik)

---

## MEMORANDUM

Before the court are Petitioner's Objections (Doc. 16) to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated July 18, 2013 (Doc. 12). For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

BACKGROUND:

Petitioner, Johnnie Williams, an inmate at the United States Penitentiary-Canaan, Waymart, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, in the Western District of Tennessee. After Petitioner was transferred to a facility in this district, his action was transferred to the Middle District of Pennsylvania. A Response to the Petition for Writ of Habeas Corpus was filed by the Respondent on February 12, 2013 (Doc. 10). On July 18, 2013, a Report and Recommendation (Doc. 12) was filed by the Magistrate Judge. On October 17, 2013, Petitioner filed Objections to the Report and Recommendation (Doc. 16). A Brief in Opposition to Petitioner's Objections (Doc. 17) was filed on October 31, 2013.

DISCUSSION:

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(c); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

The basis of the instant Petition is Petitioner's challenge to the computation of his sentence by the Bureau of Prisons ("BOP").  As the Magistrate Judge states in setting out the Factual Background, on May 30, 2002, Petitioner was arrested in Shelby County, Tennessee, and charged with theft of property.  On June 25, 2002, the charge was nolle prossed. Petitioner was arrested again in Shelby County on August 7, 2002, on a charge of aggravated assault.  On August 28, 2002, a federal grand jury returned an indictment against Petitioner, charging him with possessing a firearm by a felon, 18 U.S.C.§ 922(g) and §924(e)(1), in connection with his May 30, 2002 arrest.  Based upon that federal indictment, the United States Marshal's Service filed a detainer against Petitioner in Shelby County, on August 30, 2002, which the County acknowledged.  The District Court for the Western District of Tennessee issued a subsequent writ of habeas corpus ad prosequendum, which mandated that Petitioner be released from detention in Shelby County Jail in order to appear before federal court when he was needed.  Petitioner changed between Shelby County and federal custody several times during his initial federal court proceedings.

On November 18, 2003, Petitioner received a sentence of forty-one (41) months imprisonment for being a felon in possession of a firearm, by the United States District Court for the Western District of Tennessee. Despite that sentence, Petitioner remained in the custody of state authorities, pending his state criminal charges. On November 24, 2003, the Criminal Court of Shelby County, Tennessee, handed down concurrent sentences of one (1) year imprisonment for aggravated assault, one (1) year for burglary and theft of property over $500, and eleven (11) months and twenty-nine (29) days for possession of cocaine with intent to distribute. On November 26, 2003, Petitioner was released from state custody after his sentence expired, although there remained a federal detainer lodged against him by the United States Marshal's Service since August 30, 2002. Also, state authorities did not notify the Marshal's that Petitioner was released from state custody, despite the federal detainer lodged against him.

On October 20, 2005, Petitioner was arrested by the FBI for new federal charges, namely, armored car robbery and related firearms charges. Petitioner was again indicted in the United States District Court for the Western District of Tennessee, and plead guilty on July 18, 2007. On November 27, 2007, he was sentenced to one-hundred twenty (120) months imprisonment for the crimes of attempting to interfere with commerce by threats of violence (aiding and abetting), and carrying/using a firearm in relation to a crime of violence. The November 27, 2007 Judgment did not address how Petitioner 's 120-month sentence was effected by any of his prior state or federal sentences.

In calculating Petitioner's total federal sentence term, the BOP aggregated his 120 month sentence imposed on November 27, 2007, with his earlier 41- month federal sentence, which he had never served as a result of being mistakenly released from state custody in 2003, despite the federal detainer lodged

-3-

against him. This brought Petitioner's total sentence to one-hundred sixty-one (161) months incarceration. In calculating time served, the BOP credited Petitioner for any time he spent in custody since his release from state custody in 2003. Further, the BOP independently reviewed his state sentence, and found that the state incorrectly computed his sentence, meaning he was given credit towards his federal sentence for the time he served in state custody between July 16, 2003, and the incorrect date, on which he was actually released, November 26, 2003. The BOP found that Petitioner's aggregate federal sentence commenced on October 20, 2005, the date Petitioner was arrested by federal officials and taken into sole federal custody. Petitioner was also given credit for the time he spent in detention from June 29, 2005, through October 8, 2005, when he was arrested by state officials but the case was subsequently dismissed. Considering all of Petitioner's time served, the BOP projected his release date as January 23, 2017, via good conduct release.

In his Petition[1], Petitioner argues that he should be given credit for the time he spent at liberty between November 26, 2003 through October 20, 2005, because his release was caused by the negligence of the government. He also argues that he should receive credit for the time he spent in state custody as the result of the miscalculation of his sentence.

In response to the Petition, Respondents first raise the issue of exhaustion. Specifically, Respondents argue that the Petition should be dismissed for failure of Petitioner to exhaust his BOP administrative remedies with respect to his claim that he should receive credit for the time he was not in prison. After reviewing the evidence submitted by the parties[2], the Magistrate Judge concluded that Petitioner

---

[1]As the Magistrate Judge points out, the Petition was filed by counsel in the Western District of Tennessee. The Petition was subsequently transferred to this court, where Petitioner is representing himself pro se.

[2]See, Doc. 12, pp. 5-8.

failed to exhaust the claim raised in the instant petition, namely, that Petitioner should receive credit for the time he was not in prison and that he was at liberty.

In the Petition, Petitioner also claims that his original state sentence was miscalculated and that he served extra time in state prison, which should be credited toward his federal sentence. In their response, Respondents reviewed the calculations of the BOP and explained why Petitioner was given the appropriate credit on his federal sentence for any state time served. The Magistrate Judge agreed with the calculations set forth by Respondents and determined that the BOP's computation of Petitioner's sentence was correct and recommended that the Petition for Writ of Habeas Corpus be denied.

In his Objections, petitioner first argues that he did exhaust his remedies to the best of his abilities, that exhaustion is futile in the case of seeking credit for time at liberty because it is not a rule that the BOP recognizes or applies, and that exhaustion is not required in his case. We agree with the Magistrate Judge's conclusion, that based on the instant record, Petitioner failed to exhaust his administrative remedies. However, even if Petitioner is correct that his administrative remedies have been exhausted, we find that the BOP was correct in its computation of Petitioner's sentence.

In his Objections, Petitioner's only argument is that under the doctrine for time at liberty, a convicted person is entitled to credit against his sentence for time he was erroneously at liberty, provided that there is a showing of simple or mere negligence on behalf of the government, and provided that the delay in execution of the sentence was through no fault of his own. Petitioner argues that the U.S. Marshal's Service failed to file a second detainer against him and that it was that failure that caused his erroneous release. We disagree. In applying the test set forth in <u>Vega v. United States</u>, 493 F. 3d 310, 319-20 (3d Cir. 2007), the burden shifts to the

Government to prove that there was no negligence on the part of the "imprisoning sovereign." As the Respondents indicate in their Response to the Petition for Writ of Habeas Corpus (Doc. 10), the U.S. Marshal's Service filed a detainer with Shelby County officials on August 30, 2002. Receipt of the detainer was acknowledged by Shelby County (Doc. 10, Attach. B). While a second updated detainer, filed ten (10) days after the federal sentencing, was filed two (2) days after Petitioner was released, the August 30, 2002 detainer was still in effect. As the Respondents point out in their Response and Opposition Brief (Docs. 10 and 17), it was the state authorities, and not the federal authorities, that were negligent in the release of Petitioner. Thus, Petitioner is not entitled to credit for the time he spent at liberty.